# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ANTWONE CORTES WILLIAMS (# 39488),            PETITIONER

v.            No. 4:06CV21-D-B

STATE OF MISSISSIPPI, ET AL.            RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Antwon Cortes Williams for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and currently housed at the Mississippi State Penitentiary in Parchman. He was convicted of one count of aggravated assault in the Circuit Court of Sunflower County, Mississippi.[1] State Court Record (S.C.R.), Vol. 1, p. 43. He was sentenced as a habitual offender to serve a term of twenty years without parole in the custody of the Mississippi Department of Corrections. *Id*.

The petitioner appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error the following:

     A.      Did the trial judge err in keeping an elderly juror on the jury?

     B.      Did the trial judge err in denying Williams' motion for continuance?

---

[1] The petitioner was acquitted of armed robbery as charged in Count II of the indictment. S.C.R., Vol. 3, p. 288.

      C.      Did the trial judge err in refusing a lesser-included offense instruction of simple assault?

      D.      Did the cumulative effect of these errors deny Williams a fair trial?

On February 1, 2005, the Mississippi Court of Appeals affirmed petitioner's conviction and sentence. *Williams v. State*, 909 So.2d 1233 (Miss. App. 2005)(Cause No. 2003-KA-00298-COA). On October 1, 2006, the petitioner filed an "Application For Leave To Proceed In The Trial Court" in the Mississippi Supreme Court, in which petitioner raised the following issues:

      A.      Improper Indictment

      B.      Ineffective Assistance of Counsel

On September 22, 2006, the Mississippi Supreme Court denied petitioner's application because the petitioner had failed "to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5)."

The petitioner filed the instant petition for a writ of *habeas corpus* on February 2, 2006, and in it he sets forth the following three grounds for relief (as stated by petitioner):

    **Ground One**:    Improper Indictment U.S. Constitution 5th Amendment Article 3 Section 27.

    **Ground Two:**    Inaffective Assistance of Counsel 6th Amendment Article 3 Section 26.

    **Ground Three:**    Judge erred in refusing a lesser included offense instruction of simple assault.

### Ground One: Issue of State Law Only

Ground One is an issue of state law and was resolved by the Mississippi Supreme Court on post-conviction review. A state's interpretation of its own laws or rules is no basis for federal *habeas corpus* relief because no constitutional question is involved. *Bronstein v. Wainwright,*

646 F.2d 1048, 1050 (5th Cir. 1981). A federal court does "not sit as a super state supreme court on a habeas corpus proceeding to review error under state law." *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981). Federal courts hold no supervisory power over state judicial proceedings, and federal *habeas corpus* relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982).

In Ground One, the petitioner argues that his indictment was defective because it did not contain the words "purposely and knowingly" or "serious bodily injury." He argues further that the indictment was defective because it did not specify the subsection of section 97-3-7(2) under which he was charged.

The sufficiency of a state indictment is not a matter for federal *habeas corpus* relief unless the indictment was so defective that the convicting court had no jurisdiction to hear the case. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5th Cir. 2003). If the state court has held that an indictment is sufficient under state law, "a federal court need not address that issue." *McKay,* 12 F.3d at 68 (citations omitted). During state post-conviction review, the Mississippi Supreme Court held that the petitioner's challenge of the indictment failed to set forth a violation of a state or federal law. The Mississippi Supreme Court thus found the indictment sufficient. This claim is thus not a legitimate ground for federal *habeas corpus* relief. *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989) (citations omitted). As such, the petitioner's claim in Ground One shall be dismissed with prejudice.

**Grounds Two and Three: Denied on the Merits in State Court**

The Mississippi Supreme Court has already considered Grounds Two and Three on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to these grounds of the petitioner's claim.

Nevertheless, under § 2254(d)(2) Grounds two and three may still merit review if the facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

## Ground Two: Ineffective Assistance of Counsel

The petitioner alleges in Ground Two that defense counsel was ineffective because he failed to discover and challenge alleged defects in the indictment. To merit *habeas corpus* relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland* by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance. *Strickland v. Washington*, 466 U.S. 668 (1984)*, Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland*

standard of review). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. A federal court conducting *habeas corpus* review of a state conviction must not use the crystal clarity of hindsight, instead, the court must view the case based upon the *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Counsel's services are not evaluated in a vacuum, and all circumstances are considered in determining whether the performance was reasonable under prevailing professional standards. *Lavernia*, 845 F.2d at 498. Finally, there is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). To meet the prejudice prong, petitioner must affirmatively prove and not merely allege prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986). There is no constitutional entitlement to error free representation. *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981), *cert. denied*, 466 U.S. 949 (1982).

Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. A

determination must be made of whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001). In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). In scrutinizing counsel's performance, every effort must be made to "eliminate the distorting effects of hindsight," and deficiency should not be assumed merely because the Court disagrees with trial counsel's strategy. *Id*. (citations omitted).

Defense counsel did not discover and object to alleged defects in the indictment because there were no defects to which counsel could legitimately have objected. The indictment charged the petitioner under § 97-3-7(2) of the Mississippi Code for aggravated assault because he "did unlawfully, wilfully and feloniously cause or attempt to cause bodily harm to Perry Allred by hitting him with a deadly weapon, to-wit: a tire iron[.]" The indictment contained a plain and concise statement of the essential facts for the crime of aggravated assault, and the petitioner was sufficiently put on notice of the charge as required by Rule 7.06 of Mississippi's Uniform Circuit and County Court Rules. Given the absence of defects in the indictment, the petitioner has proved neither deficiency nor prejudice. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (counsel is not deficient for declining to raise meritless objections). Accordingly, the holding of the Mississippi Supreme Court regarding this claim during post-conviction proceedings was neither contrary to nor an unreasonable application of clearly established federal law. The petitioner's federal *habeas corpus* claims in Ground Two shall be dismissed with prejudice.

### Ground Three: Failure to Include Instruction for Simple Assault as a Lesser Included Offense to Aggravated Assault

In Ground Three, the petitioner argues that the trial court erred in failing to grant his request for a lesser included offense instruction for simple assault. The Mississippi Court of Appeals addressed this issue on direct appeal and held:

> Mississippi Code Annotated Section 97-3-7(2) (Supp.2003), states that "[a] person is guilty of aggravated assault if he ... (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm...." In denying Williams's request for a jury instruction on simple assault, the trial judge found that the evidence showed the assault to be intentional, not careless or negligent. The trial judge also stated that "I just don't see this as simple assault." Williams and his cohorts purposefully inflicted serious injury to Allred by means of a tire tool and then proceeded to rob his business. We cannot find that the trial judge erred in denying Williams's request for a simple assault jury instruction.

*Williams*, 909 So.2d at 1238.

Challenges to jury instructions may not form a basis for federal *habeas corpus* relief unless a petitioner proves that the improper instruction rose to the level of a constitutional violation. *Gilmore v. Taylor*, 113 S.Ct. 2112, 2118-19, 124 L.Ed.2d 306, 318-322 (1993). The burden of demonstrating that errors in jury instructions were sufficiently prejudicial to support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). "A petitioner must show that the erroneous instruction by itself so infected the entire trial that the resulting conviction violates due process." *Mayabb v. Johnson*, 168 F.3d 863 (5th Cir. 1999) citing *Henderson, supra*. This rule can also be applied conversely – when a trial court refuses to give an instruction. As applied conversely, "[t]he relevant inquiry is whether the failure to give an instruction 'by itself so infected the entire trial that the resulting conviction

violates due process.'" *Galvin v.* Cockrell, 293 F.3d 760, 765 (5th Cir. 2002)(*quoting Cupp v. Naughten*, 414 U.S. 141, 147 (1973). The petitioner simply cannot prove that the trial court's failure to give the requested instruction "so infected the entire trial" that petitioner's due process rights were violated. The petitioner and others intentionally attacked the victim with a tire iron before robbing his store. Under this set of facts, the trial court's decision not to include a lesser offense instruction on simple assault was entirely reasonable. As such, the state court's resolution of the issue in Ground Three was not contrary to clearly established federal law, nor was it an unreasonable application of clearly established federal law. Therefore, the petitioner's claims in Ground Three shall be dismissed with prejudice.

In sum, all grounds of the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of May, 2007.

/s/ Glen H. Davidson
CHIEF JUDGE